COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Annunziata and Senior Judge Hodges
Argued at Norfolk, Virginia


JOHN SILAS BYARD
                                        MEMORANDUM OPINION*
v.         Record No. 0638-95-1     BY JUDGE JOSEPH E. BAKER
                                           APRIL 9, 1996
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                         Frederick B. Lowe, Judge

              Lawrence H. Woodward, Jr. (Shuttleworth,
              Ruloff & Giordano, on brief), for appellant.

              John K. Byrum, Jr., Assistant Attorney
              General (James S. Gilmore, III, Attorney
              General, on brief), for appellee.


     In this appeal by John Silas Byard (appellant), the sole

issue presented is whether the evidence is sufficient to support

his bench trial conviction by the Circuit Court of the City of

Virginia Beach (trial court) of grand larceny in violation of

Code § 18.2-95.  We have reviewed the evidence contained in this

record and find that it is sufficient to support the judgment of

the trial court.

     Upon familiar principles, we view the evidence in the light

most favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.  Higginbotham v.

Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

     On April 14, 1994, Sharon Winstead (the victim) reported

          *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

early for work at the Radisson Hotel in Virginia Beach. She arrived at the hotel at approximately 6:05 to 6:10 a.m. and visited with the security guard in his office. The security office is located on the first floor of the hotel, near the rear exit. She carried with her a purse containing car keys, a wallet, credit cards, $55, two checks, and a ring. Upon arriving at the security office, she placed her purse on the floor, under a chair, by the back door.

About fifteen to twenty minutes after her arrival, she went to the kitchen, which is on the second floor, to get coffee. She returned to the office "a couple of minutes later." At that time, her purse was where she had left it. Both the victim and the security guard were called away from the office to the hotel lobby by Jonathan Kastner (Kastner), an assistant general manager. They were gone from the office for approximately five to ten minutes. When the victim returned to the office from the lobby, her purse was missing. She immediately reported the theft to Kastner.

Over this time period, appellant, a former employee at the hotel, was seen in various locations throughout the hotel. Calvert Johnson (Johnson), a cook, who knew appellant from his former employment, testified that appellant spoke with him about employment opportunities around 6:20 to 6:30 a.m. on the basement level of the hotel. Johnson told appellant that if he wanted a job to find Kastner or to wait in the employees' lounge until the

personnel office opened. The victim, who knew appellant from his prior employment, saw him in the second floor kitchen when she left the security office on the first occasion. Kastner testified that he spoke with appellant about 5:50 to 6:00 a.m. in the kitchen and, learning that he had previously been fired from the staff, refused him a job, and ordered him to leave the building. Kastner observed appellant head toward the rear of the hotel and down to the first floor rear exit, which is adjacent to the security office. Kastner testified that it was probably within five to ten minutes of talking to appellant that he called the victim away from the security office to work in the lobby, and no more than fifteen minutes after talking to appellant that the victim reported the theft to him. Kastner stated that he was not specific about the times of day he testified to, but that he knew it was very early in the morning. Mary Mayo, an employee, testified that she saw appellant on the first floor walking toward the cafeteria.

Detective Robert L. Christman, Jr. testified that he recovered the victim's ring on April 21, 1994, at a pawn shop located about three blocks from the hotel. According to pawn shop records, the ring had been pawned by appellant at approximately 5:47 p.m. on April 14, 1994.

Steven P. Roebuck, an employee at the pawn shop, identified appellant as the person who pawned the ring the day of the theft and stated that the ring produced at trial matched the

description of the ring received from appellant. At trial, the victim identified the ring as the one stolen from her purse.

When the Commonwealth rested, thereafter, appellant presented no evidence in his own behalf.

Appellant contends that his unsworn statement to the police, that on the day of the theft he purchased the ring from a person identified only as "Kim," and that he was working in Portsmouth and hence could not have been at the hotel when and where the theft occurred, is evidence of a reasonable hypothesis of innocence that entitled him to be acquitted. We disagree.

As the Commonwealth observes, for appellant's hypothesis of innocence to be accepted as a matter of law, the trial court would had to have believed that the person identified only as "Kim" or someone other than appellant (1) slipped into the security office, unnoticed by any of the witnesses who testified to seeing appellant in the vicinity of the office at the time, within the five to ten minutes in which it was unattended; (2) stole the victim's purse; (3) exited the hotel unseen; and (4) sold the ring to appellant later that day. In addition, the trial court would have been required to believe (1) that appellant was not at the hotel on April 14, 1994, despite the testimony of four witnesses to the contrary; (2) that he was, instead, in Portsmouth for all or most of the day; and (3) that he returned to Virginia Beach in time to purchase and pawn the ring by that evening.

The combined force of the evidence leads unmistakably to appellant as the criminal agent and reasonably excludes the hypothesis advanced by appellant.  See <u>Turner v. Commonwealth</u>, 218 Va. 141, 148, 235 S.E.2d 357, 361 (1977).

For the reasons stated, the judgment of the trial court is affirmed.

<u>Affirmed.</u>